**J. Peter Staples**, OSB No. 794042
E-mail: pete@chernofflaw.com
**William O. Geny**, OSB No. 830409
E-mail: bill@chernofflaw.com
**Susan D. Pitchford**,OSB No. 980911
E-mail: sdp@chernofflaw.com
**CHERNOFF VILHAUER LLP**
601 SW Second Avenue, Suite 1600
Portland, Oregon 97204
Telephone: (503) 227-5631
Facsimile: (503) 228-4373

FILED10 NOV '11 16:09USDC-ORP

Attorneys for Plaintiff Merchandising Technologies, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**MERCHANDISING TECHNOLOGIES, INC.**, an Oregon corporation,

Plaintiff,

v.

**VANGUARD PRODUCTS GROUP, INC.**, an Illinois corporation, doing business as Vanguard Protex Global,

Defendant.

CV '11-1354 - ___ ST

**COMPLAINT FOR DECLARATORY JUDGMENT**

**PATENT CASE**

**JURY TRIAL DEMANDED**

Plaintiff Merchandising Technologies, Inc. ("MTI") alleges as follows:

<u>NATURE OF THE ACTION</u>

1.      This is an action for declaratory judgment that MTI does not infringe any valid claim of the patents identified in this Complaint, and for declaratory judgment that certain of the identified patents are invalid.

PAGE - 1      COMPLAINT FOR DECLARATORY JUDGMENT (PATENT CASE)



THE PARTIES

2.      Plaintiff MTI is an Oregon corporation having its principal place of business in Hillsboro, Oregon.

3.      Upon information and belief, defendant Vanguard Products Group, Inc. ("VPG") is an Illinois corporation having a principal place of business in Oldsmar, Florida.

JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States and the Federal Declaratory Judgment Act.

5.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.      The Court has personal jurisdiction over defendant VPG because, upon information and belief, VPG conducts business and sells products in this District and has otherwise purposefully availed itself of the protection of the laws of this District and the State of Oregon.  VPG has, among other things, previously filed suit against MTI in this District and caused its intellectual property litigation counsel in this District to send a letter to MTI in this District accusing MTI of infringing patents belonging to VPG.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

FACTS

8.      Plaintiff MTI and defendant VPG are competitors in the field of retail loss protection products and technology, particularly with respect to retail displays of consumer electronics which permit customers to handle devices such as cameras and cell phones.  The parties have sued each other several times in the past.

9.      VPG has previously sued MTI for patent infringement.

10.     MTI has previously filed a lawsuit against VPG for declaratory judgment of non-infringement and unfair competition.

PAGE - 2      COMPLAINT FOR DECLARATORY JUDGMENT (PATENT CASE)

11.    The patents identified herein are different from the patent that was the subject of previous infringement and declaratory judgment lawsuits between the parties.

12.    VPG recently obtained a number of patents from Protex International Corp. ("Protex"), another competitor of MTI. Upon information and belief, the purpose of obtaining these "Protex Patents" was to assert the Protex Patents against MTI and impair MTI's ability to compete against VPG.

13.    Shortly after obtaining the Protex Patents, VPG caused the law firm of Stoll Berne, VPG's "intellectual property litigation counsel," to send a demand letter to MTI accusing MTI of infringing U.S. Pat. No. 5,726,627 (the " '627 Patent") and U.S. Pat. No. 6,278,365 (the " '365 Patent"), two of the Protex Patents, and demanding that MTI cease manufacture, use, sales, offer to sell, and importation of certain MTI products and compensate VPG for sales of such products. A copy of the September 23, 2011 Stoll Berne demand letter is attached hereto as Exhibit A.

14.    The Stoll Berne demand letter also warned MTI that VPG's intellectual property litigation counsel was "continuing to investigate MTI's conduct" with respect to other Protex Patents, including U.S. Pat. No. 5,146,205; U.S. Pat. No. 5,345,219; U.S. Pat. No. 5,345,220; U.S. Pat. No. 5,543,782; U.S. Pat. No. 5,561,417; U.S. Pat. No. 5,699,591; U.S. Pat. No. 5,796,337; U.S. Pat. No. 6,104,289; U.S. Pat. No. 6,147,603; U.S. Pat. No. 6,215,400; U.S. Pat. No. 6,285,283; U.S. Pat. No. 6,300,874; U.S. Pat. No. 6,459,374; U.S. Pat. No. 6,861,953; U.S. Pat. No. 7,002,467; U.S. Pat. No. 7,101,187; U.S. Pat. No. 7,209,038; U.S. Pat. No. 7,327,276; and U.S. Pat. No. 7,370,840.

15.    The Stoll Berne letter also warned MTI that VPG's intellectual property litigation counsel was investigating MTI's conduct with respect to other VPG patents, including U.S. Pat. No. 6,956,479; U.S. Pat. No. 7,242,299; U.S. Pat. No. 7,639,133; and U.S. Pat. No. 7,768,397.

16.     The Stoll Berne letter concluded by warning MTI that VPG would "take all actions necessary and appropriate to protect and enforce all of its intellectual property and intellectual property rights, including its rights and interests in and under the above-referenced patents."

17.     In view of the fierce competition between the parties and the past disputes and lawsuits between the parties, the threats and warnings from VPG's intellectual property litigation counsel have cast a cloud over MTI's manufacture, importation and sale of its products, and the use of its products by its customers, and an actual controversy exists between MTI and VPG with respect to the Protex and VPG Patents identified in the Stoll Berne letter.

18.     The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and U.S.C. § 2201, et seq., MTI is entitled to a declaration in the form of a judgment that MTI has not infringed and is not infringing any valid and enforceable claim of the Protex and VPG Patents identified in the Stoll Berne letter; has not contributed to infringement and is not contributing to infringement of the Protex and VPG Patents; and/or has not induced infringement and is not inducing infringement of the Protex and VPG Patents.

FIRST CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the '627 Patent)

19.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

20.     The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '627 Patent and plaintiff does not contribute to or induce infringement of the '627 Patent.

PAGE - 4     COMPLAINT FOR DECLARATORY JUDGMENT (PATENT CASE)

## SECOND CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the '627 Patent)

21.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

22.    Upon information and belief, the '627 Patent is invalid under one or more provisions of Title 35 of United States Code §§ 101-116.

## THIRD CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the '365 Patent)

23.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

24.    The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '365 Patent and plaintiff does not contribute to or induce infringement of the '365 Patent.

## FOURTH CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the '365 Patent)

25.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

26.    Upon information and belief, the '365 Patent is invalid under one or more provisions of Title 35 of United States Code §§ 101-116.

## FIFTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 5,146,205)

27.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

28.    The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '205 Patent and plaintiff does not contribute to or induce infringement of the '205 Patent.

SIXTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 5,345,219)

29.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

30.    The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '219 Patent and plaintiff does not contribute to or induce infringement of the '219 Patent.

SEVENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 5,345,220)

31.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

32.    The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '220 Patent and plaintiff does not contribute to or induce infringement of the '220 Patent.

EIGHTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 5,543,782)

33.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

34.    The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '782 Patent and plaintiff does not contribute to or induce infringement of the '782 Patent.

NINTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 5,561,417)

35.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

36.     The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '417 Patent and plaintiff does not contribute to or induce infringement of the '417 Patent.

TENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 5,699,591)

37.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

38.     The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '591 Patent and plaintiff does not contribute to or induce infringement of the '591 Patent.

ELEVENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 5,796,337)

39.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

40.     The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '337 Patent and plaintiff does not contribute to or induce infringement of the '337 Patent.

TWELFTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 6,104,289)

41.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

42.     The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '289 Patent and plaintiff does not contribute to or induce infringement of the '289 Patent.

THIRTEENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 6,147,603)

43.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

44.     The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '603 Patent and plaintiff does not contribute to or induce infringement of the '603 Patent.

FOURTEENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 6,215,400)

45.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

46.     The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '400 Patent and plaintiff does not contribute to or induce infringement of the '400 Patent.

FIFTEENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 6,285,283)

47.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

48.     The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '283 Patent and plaintiff does not contribute to or induce infringement of the '283 Patent.

## SIXTEENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 6,300,874)

49.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

50.    The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '874 Patent and plaintiff does not contribute to or induce infringement of the '874 Patent.

## SEVENTEENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 6,459,374)

51.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

52.    The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '374 Patent and plaintiff does not contribute to or induce infringement of the '374 Patent.

## EIGHTEENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 6,861,953)

53.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

54.    The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '953 Patent and plaintiff does not contribute to or induce infringement of the '953 Patent.

## NINETEENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 7,002,467)

55.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

56.     The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '467 Patent and plaintiff does not contribute to or induce infringement of the '467 Patent.

TWENTIETH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 7,101,187)

57.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

58.     The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '187 Patent and plaintiff does not contribute to or induce infringement of the '187 Patent.

TWENTY-FIRST CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 7,209,038)

59.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

60.     The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '038 Patent and plaintiff does not contribute to or induce infringement of the '038 Patent.

TWENTY-SECOND CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 7,327,276)

61.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

62.     The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '276 Patent and plaintiff does not contribute to or induce infringement of the '276 Patent.

## TWENTY-THIRD CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 7,370,840)

63.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

64.    The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '840 Patent and plaintiff does not contribute to or induce infringement of the '840 Patent.

## TWENTY-FOURTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 6,956,479)

65.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

66.    The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '479 Patent and plaintiff does not contribute to or induce infringement of the '479 Patent.

## TWENTY-FIFTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 7,242,299)

67.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

68.    The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '299 Patent and plaintiff does not contribute to or induce infringement of the '299 Patent.

## TWENTY-SIXTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 7,639,133)

69.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

70.     The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '133 Patent and plaintiff does not contribute to or induce infringement of the '133 Patent.

### TWENTY-SEVENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 7,768,397)

71.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1-18.

72.     The manufacture, sale, offer for sale, use, or importation of plaintiff's products do not infringe any valid and enforceable claim of the '397 Patent and plaintiff does not contribute to or induce infringement of the '397 Patent.

### PRAYER

Wherefore, plaintiff requests the following relief:

A.     Entry of an Order declaring that plaintiff's products and the use thereof do not infringe any of the Protex or VPG Patents, and that plaintiff, by its actions, neither infringes the Protex and VPG Patents, nor induces or contributes to the infringement of the Protex and VPG Patents by others;

B.     Entry of an Order declaring that U.S. Pat. Nos. 5,726,627 and 6,278,365 are invalid under one or more provisions of Title 35 of United States Code §§ 101-116;

C.     Entry of an Order enjoining defendant, its agents, servants, officers, directors, employees, representatives, successors, assigns and parent and subsidiary entities, and any and all persons acting in concert or participation with defendant, from threatening to assert or asserting any of the Protex or VPG Patents against plaintiff, its agents, employees, successors, assigns or customers;

D.     Entry of an Order awarding plaintiff its costs, declaring this case exceptional, and awarding plaintiff reasonable attorney fees; and

E.      Such other relief as is just and proper.


Respectfully submitted this _____10th_____ of November, 2011.

                              CHERNOFF VILHAUER LLP

                              _____
                              J. Peter Staples, OSB No. 794042
                              William O. Geny, OSB No. 830409
                              Attorneys for Plaintiff MTI


## DEMAND FOR JURY TRIAL

Plaintiff hereby makes a demand for trial by jury as to all issues in this lawsuit so triable.

DATED:  November _____10th_____, 2011

                              CHERNOFF VILHAUER LLP

                              _____
                              J. Peter Staples, OSB No. 794042
                              William O. Geny, OSB No. 830409
                              Susan D. Pitchford, OSB No. 980911
                              Attorneys for Plaintiff MTI