UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MERCHANDISING TECHNOLOGIES, INC.,

        Plaintiff,

  v.

VANGUARD PRODUCTS GROUP, INC., an
Illinois corporation, doing business as
Vanguard Protex Global,

      Defendant.

3:11-cv-01354 -ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

## **<u>INTRODUCTION</u>**

Plaintiff, Merchandising Technologies, Inc. ("MTI"), filed this case on November 10,

2011, against defendant, Vanguard Products Group, Inc. ("Vanguard"), one of its competitors in

the field of retail loss protection products and technology.  MTI alleges 27 claims seeking a

declaratory judgment that it does not infringe any valid claim of 25 separate patents and that two

other patents are invalid.

Vanguard has filed a Motion to Dismiss (docket # 8) pursuant to FRCP 12(b)(1) and (6).

For the reasons that follow, the motion should be GRANTED, and this court should dismiss

MTI's First Amended and Supplemental Complaint for Declaratory Judgment (docket

# 17) ("Amended Complaint")[1] as to all claims except those seeking a declaration of (1) non-infringement of United States Patent Nos. 5,726,627 ("'627 Patent") and 6,278,365 ("'365 Patent") through MTI's manufacture, use, and sale of the MTI Freedom 1.0 and MTI Freedom 2.0 alarm modules and systems and (2) invalidity of the '627 Patent and the '365 Patent on the grounds specified in the Amended Complaint.

## FINDINGS

### I. Allegations in the Amended Complaint

MTI and Vanguard are competitors in the field of retail loss protection, particularly with respect to retail displays of consumer electronics which permit customers to handle devices such as cameras and smart phones. Amended Complaint, ¶ 8. They are intense rivals who have been involved in almost continuous litigation for the last six or seven years. *Id*, ¶ 9.

In August 2005, in response to a threat from Vanguard, MTI filed a declaratory judgment action in this court, Case No. 05-CV-1195-BR, against Vanguard seeking a declaration that MTI did not infringe United States Patent No. 6,799,994 ("'994 Patent"). Vanguard filed a motion to dismiss which was granted in February 2007 because MTI had "not established a basis for an objectively reasonable apprehension" of an imminent patent infringement lawsuit by Vanguard. *Id*, ¶ 10. Yet only two months later, Vanguard filed a patent infringement lawsuit against MTI in the Northern District of Illinois for infringement of the same '994 Patent which had been the subject of MTI's declaratory judgment lawsuit filed in Oregon against Vanguard. *Id*, ¶ 11. The Illinois court transferred the matter back to Oregon (Case No. 07-1450-BR).

///

///

---

[1] Vanguard's motion is deemed to be directed against the Amended Complaint (docket # 19).

The lawsuit involving the '994 Patent was resolved in May 2009 by means of a Consent Judgment in favor of Vanguard and a Confidential Settlement Agreement. *Id*, ¶ 13. Eleven months later on April 9, 2010, Vanguard filed suit against MTI in this court, Case No. 3:10-CV-00392-BR, for violating the Consent Decree and Settlement Agreement. *Id*, ¶ 14. That case was likewise resolved by a Confidential Settlement Agreement dated July 22, 2011. *Id*, ¶ 15.

Even as it was negotiating settlement of this last case, Vanguard was in the process of obtaining new patents to assert against MTI. *Id*, ¶ 16. In June 2011, Vanguard acquired certain assets from Protex International Corp. ("Protex") which included a large portfolio of patents ("Protex Patents") relating to the same business in which MTI and Vanguard are competitors. *Id*, ¶ 17. Prior to closing the sale, Vanguard and Protex discussed whether at least some of the Protex Patents were infringed by MTI products or systems. *Id*, ¶ 18.

On September 23, 2011, only three months after obtaining the Protex Patents, Vanguard caused the law firm of Stoll Berne, Vanguard's "intellectual property litigation counsel," to send a demand letter to MTI. *Id*, ¶ 20 & Ex. A. The demand letter accused MTI's Freedom 1.0 and Freedom 2.0 alarm modules and alarm systems of infringing the '627 and '365 Patents, requested that MTI cease all manufacture, use, sales, offers to sell, and importation into the United States of MTI Freedom 1.0 and MIT Freedom 2.0 alarm modules and alarm systems, and requested that MTI account for and compensate Vanguard for all past sales of the MTI Freedom 1.0 and MTI Freedom 2.0 alarm modules and systems. *Id*, ¶ 20.

The demand letter also warned MTI that Vanguard's intellectual property litigation counsel was "continuing to investigate MTI's conduct" with respect to 19 other Protex Patents

and four other Vanguard patents.[2]  *Id*, ¶¶ 21-22 and Ex. A, pp. 1-2.  The demand letter concluded by warning MTI that Vanguard would "take all actions necessary and appropriate to protect and enforce all of its intellectual property and intellectual property rights, including its rights and interests in and under the above-referenced patents."  *Id*, ¶ 23.

In response to the demand letter, MTI filed the present case, alleging 27 claims for declaratory judgment of:  (1) non-infringement of the '627 Patent (First Claim) and '365 Patent (Third Claim); (2) invalidity of the '627 Patent (Second Claim) and '365 Patent (Fourth Claim); and (3) invalidity of the other 23 patents identified in the demand letter (Fifth through Twenty-Seventh Claims).

## II.  Subject Matter Jurisdiction

### A.  Legal Standard

The Declaratory Judgment Act provides that in "a case of actual controversy within its jurisdiction . . . any court of the United States . . .  may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 USC § 2201(a).  A motion to dismiss for lack of subject matter jurisdiction under the Declaratory Judgment Act is governed by the law of the Federal Circuit.  *Adenta GmbH v. OrthoArm, Inc.*, 501 F3d 1364, 1368-69 (Fed Cir 2007) (citation omitted).

The phrase "a case of actual controversy" in the Declaratory Judgment Act refers to the types of "cases" and "controversies" that are justiciable under Article III of the United States Constitution.  *Aetna Life Ins. v. Haworth*, 300 US 227, 239-40 (1937).  To be justiciable, the

---

[2]  The Protex Patents include United States Patent No. 5,146,205; No. 5,345,219; No. 5,345,220; No. 5,543,782; No. 5,561,417; No. 5,699,591; No. 5,796,337; No. 6,104,289; No. 6,147,603; No. 6,215,400; No. 6,285,283; No. 6,300,874; No. 6,459,374; No. 6,861,953; No. 7,002,467; No. 7,101,187; No. 7,209,038; No. 7,327,276; and No. 7,370,840.  The other four Vanguard patents include United States Patent No. 6,956,479; No. 7,242,299; No. 7,639,133; and No. 7,768,397.

dispute must be "definite and concrete, touching the legal relations of parties having adverse

legal interests," "real and substantial," and "admi[t] of specific relief through a decree of a

conclusive character, as distinguished from an opinion advising what the law would be upon a

hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 US 118, 127 (2007),

quoting *Aetna Life*, 300 US at 240-41.  "Basically, the question in each case is whether the facts

alleged, under all the circumstances, show that there is a substantial controversy, between parties

having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

declaratory judgment." *Id*, quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 US 270, 273

(1941); *see also Powertech Tech., Inc. v. Tessera, Inc.*, 660 F3d 1301, 1306 (Fed Cir 2011)

(discussing *MedImmune*).

### B. <u>Analysis</u>

Vanguard acknowledges that a justiciable controversy exists between the parties as a

result of its September 23, 2011 letter expressing MTI's ongoing infringement of the '627 and

'365 Patents through its manufacture, use, and sale of the MTI Freedom 1.0 and MTI Freedom

2.0 alarm modules and systems.  However, Vanguard asserts that this court lacks jurisdiction

over the remaining claims pertaining to any other patent or MTI product as an impermissible

"placeholder" complaint.  Accordingly, Vanguard seeks dismissal of all claims seeking

declaratory judgment except as to:  (1) non-infringement of the '627 and '365 Patents through

MTI's manufacture, use, and sale of the MTI Freedom 1.0 and MTI Freedom 2.0 alarm modules

and systems and (2) invalidity of the '627 and '365 Patents on the grounds specified in the

Amended Complaint.

With respect to the Fifth through Twenty-Seventh Claims, Vanguard contends that MTI

improperly relies entirely on past litigation and the final paragraphs of the September 23, 2011

demand letter to bolster its contention of a justiciable controversy.  The existence of subject

matter jurisdiction must be determined as of the filing date.  "The burden is on the party claiming

declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim

for declaratory relief was filed."  *Powertech*, 660 F3d at 1306 (citation omitted).  Accordingly,

allegations as to any events transpiring since November 10, 2011, are irrelevant.[3]

　　　　MTI asserts that Vanguard is engaged in a "competitive strategy" of learning about

MTI's products in the course of litigation and then identifying and purchasing patents which

might be used to sue MTI.  Amended Complaint, ¶ 32.  According to MTI, as a result of the two

previous lawsuits by Vanguard against MTI, Vanguard has extensive knowledge of MTI

products prior to June 2011 when it obtained the Protex Patents.  *Id*, ¶ 34.  MTI asserts that

Vanguard will use this "buying a patent lawsuit" tactic "to discover further information about

MTI's . . . products and use the other patents mentioned in the [September 2011] demand letter

to sue MTI for patent infringement by MTI products and systems."  *Id*, ¶ 31.  MTI cites the fact

that the demand letter came from Vanguard's "intellectual property litigation counsel," and the

warning in the demand letter that Vanguard will take "all actions necessary an appropriate to

protect all of its intellectual property rights" as proof positive that it will be sued by Vanguard.

*Id*, ¶¶ 33, 36.

　　　　The difficulty with MTI's contention is that the Fifth through Twenty-Seventh Claims

address patents that were not at issue in the prior lawsuits.  The only reference to those patents is

in the September 23, 2011 demand letter, which states only that Vanguard is continuing to

---

[3]  These include MTI's allegations that Vanguard filed a lawsuit in December 2011 accusing MTI of infringing the '627 and '365 Patents (Case No. 11-1451-AC), accusing additional MTI products of infringement during a Rule 26(f) conference, refusing to provide MTI a covenant not to sue with respect to any of the patents listed in the September 23, 2011 demand letter, and then dismissing the lawsuit in January 2012, a mere two weeks after MTI provided discovery.  *See* Amended Complaint, ¶¶ 24-28.  At the hearing on this motion, Vanguard explained that it dismissed the December 2011 lawsuit as it intends to file those same claims as counterclaims in this case.

investigate MTI's conduct with respect to Vanguard's other patents and will take "all actions necessary and appropriate" in enforcing its rights with respect to those patents. The demand letter does not identify any MTI product that allegedly infringes those patents or any particular claims of those patents that MTI infringes.

Whether a case or controversy exists which confers subject matter jurisdiction over patent cases must be assessed on a claim-by-claim basis. *Streck, Inc. v. Research and Diagnostic Sys., Inc.*, 665 F3d 1269, 1281 (2012), *petition for cert. filed*, __ USLW ___ (US April 9, 2012) (No. 11-1212) (citation omitted). A subjective fear of future harm is insufficient to satisfy the "immediacy and reality" requirement:

> [T]he Supreme Court has emphasized that a fear of future harm that is only subjective is not an injury or threat of injury caused by the defendant that can be the basis of an Article III case or controversy. . . . Although *MedImmune* clarified that an injury-in-fact sufficient to create an actual controversy can exist even when there is no apprehension of suit, it did not change the bedrock rule that a case or controversy must be based on a real and immediate injury or threat of future injury that is caused by the defendants – an objective standard that cannot be met by a purely subjective or speculative fear of future harm.

*Prasco, LLC v. Medicis Pharma. Corp.*, 537 F3d 1329, 1339-40 (Fed Cir 2008).

The pleadings reveal that the basis of the Fifth through Twenty-Seventh Claims is primarily MTI's subjective fear that Vanguard will use information gleaned from litigation over the '627 and '365 Patents (First through Fourth Claims) in order to pursue infringement litigation as to Vanguard's other patents. MTI does not allege or submit any evidence that it has taken or not taken any action in response to this perceived threat. Its speculation about the possibility that Vanguard may discover something during the course of litigating the first four claims which might lead it to assert infringement of one or more of its other patents against one or more of MTI's products is not a sufficiently real or immediate threat to satisfy the Article III case or

controversy requirement.  Despite the history of prior litigation between the parties, MTI appears to be jumping the gun.  Accordingly, the Fifth through Twenty-Seventh Claims should be dismissed for lack of subject matter jurisdiction.

The First through Fourth Claims do not suffer from this same flaw because they are based on the charge of infringement specified in the September 23, 2011 demand letter which identifies particular MTI products allegedly infringing upon the '627 and '365 Patents.

### III.  Failure to State a Claim

Vanguard also seeks dismissal of MTI's claims for failure to state a claim under FRCP 12(b)(6).  That motion is moot as to the Fifth through Twenty-Seventh Claims which should be dismissed for lack of subject matter jurisdiction.  With respect to the First through Fourth Claims, Vanguard objects to MTI alleging that the '627 and '365 Patents infringe all of its products and systems.  Amended Complaint, ¶ 31.  That objection is well-founded.  Based on Vanguard's demand letter, the infringement and invalidity allegations should be limited to MTI's manufacture, use, and sale of the MTI Freedom 1.0 and MTI Freedom 2.0 alarm modules and systems.

### RECOMMENDATION

For the reasons stated above, Vanguard's Motion to Dismiss (docket # 8) should be GRANTED, and this court should dismiss the Fifth through Twenty-Seventh Claims in MTI's First Amended and Supplemental Complaint for Declaratory Judgment (docket # 17) and limit the First through Fourth Claims to seeking a declaration of (1) non-infringement of United States Patent Nos.  5,726,627 and 6,278,365 through MTI's manufacture, use, and sale of the MTI Freedom 1.0 and MTI Freedom 2.0 alarm modules and systems and (2) invalidity of those patents on the grounds specified in the Amended Complaint.

## <u>SCHEDULING ORDER</u>

      The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due Thursday, May 03, 2012.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

      If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

      DATED April 16, 2012.


                                         s/ Janice M. Stewart
                                         Janice M. Stewart
                                         United States Magistrate Judge