IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MERCHANDISING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> VANGUARD PRODUCTS GROUP, INC., an Illinois corporation, doing business as Vanguard Protex Global, <br><br> Defendant. | Case No.: 3:11-cv-01354 -ST <br><br><br> **ORDER ADOPTING FINDINGS AND RECOMENDATIONS** |

**SIMON, District Judge**,

On April 16, 2012, Magistrate Judge Janice M. Stewart issued findings and recommendations, Dkt. 23, in the above-captioned case, and referred them to this court. Dkt. 24. Judge Stewart recommended that Defendant Vanguard Products Group, Inc.'s Motion to Dismiss, Dkt. 8, should be GRANTED, and this court should dismiss the fifth through twenty-seventh claims in Plaintiff Merchandising Technologies, Inc.'s ("Plaintiff") First Amended and Supplemental Complaint for Declaratory Judgment ("Amended Complaint"), Dkt. 17. Judge Stewart also recommended that this court should limit Plaintiff's first through fourth claims to seeking a declaration of (1) non-infringement of United States Patent Nos. 5,726,627 and

6,278,365 through Plaintiff's manufacture, use, and sale of the MTI Freedom 1.0 and MTI Freedom 2.0 alarm modules and systems, and (2) invalidity of those patents on the grounds specified in the Amended Complaint. The parties have not filed objections.

Under the Federal Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Federal Magistrates Act, 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If, however, no objections are filed, the Magistrates Act does not prescribe any standard of review. In such cases, "[t]here is no indication that Congress, in enacting [the Magistrates Act], intended to require a district judge to review a magistrate's report[.]" *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 540 U.S. 900 (2003) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise").

Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and recommendations for "clear error on the face of the record."

No party having made objections, this court follows the recommendation of the Advisory Committee and reviews Magistrate Judge Stewart's findings and recommendations, Dkt. 23, for clear error on the face of the record. No such error is apparent. Therefore the court orders that Judge Stewart's findings and recommendations, Dkt. 23, is **ADOPTED**.

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS – Pg. 2

Dated this 13th day of June, 2012.

_____
Michael H. Simon
United States District Judge

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS – Pg. 3